PETTIGREW, J.,
concurs in the result, and assigns reasons.
| TThis is a child in need of care proceeding initiated in July 2006 under Article 659 of Title 6 of the Children’s Code. By judgment dated January 4, 2007, the trial court granted legal guardianship of the minor child, H.W., to her paternal grandparents. In the same judgment, it was adjudged that the Department of Social Services terminate the supervision of the minor child, H.W., and close their case.
*1207 Subsequent thereto, on or about April 26, 2012, the State filed a motion to modify the disposition of January 4, 2007, alleging that the health of the guardians had deteriorated and that the custody of the minor child should be placed with her father. The mother of the minor child opposed the State’s motion, seeking custody of H.W. Prior to a hearing, the State dismissed its motion to modify disposition. At this point there was nothing before the court to be determined, and the court declined further jurisdiction.
According to the record, the Department of Social Services did not have an open file on this minor child. This case, in my humble opinion, is no longer a dispute about guardianship, but has evolved into a custody fight between the father and the mother of the minor child. After examining Articles 303, 307, 309, and 313 of Title 3; and Articles 659, 723, and 724 of Title 6, of the Children’s Code, I am of the humble opinion that the juvenile court did not . abuse its authority in declining jurisdiction on this case.